Parker C. J.
delivered the opinion of the Court. The box which was lost was delivered to the agent of the defendants, an-1 th«v therefore became liable as common carriers for the safe transportation and delivery of it, unless the objections stated by their counsel, or some of them, are valid.
First, it is said that the defendants ought to have been informed of the value, in order that they might have been aware of the necessity of extraordinary care. But, by the authorities, this was not necessary, there being no notice given by me defendants of any limitation of their liability. They might have asked the quality and value of the contents of the box, and if they had, any false answer would have been fraudulent and have excused them. Or if there had been any concealment or deception, the same consequence would have followed. The *190 very form and appearance of the box, and its peculiar light ness, and the manner in which it was secured, were strong indications that the contents were valuable. The defendants therefore, if they wished to increase the compensation on ac count of the value, ought to have been upon their guard and made the proper inquiries.[1]
Then it is objected, that the box should have been entered at the office or place of business of the defendants, in order that it might have been booked there. But the evidence shows the assent of the defendants that it should be delivered at the post-office. The receipt of it by their agent, who entered it on the way-bill, takes away whatever force there might otherwise have been in the objection.
And in regard to the objection, that Henry Phillips, to whom the box was directed, was absent from Hartford, it might have been valid if the goods had been safely transported to that place and were lost afterward, for want of some one to receive and take care of them ; but being lost on the way, the defendants had failed to perform their contract and had become chargeable.
We do not see cause, on account of any of the objections, to set aside the verdict.[2]

 See Brooke v. Pickwick, 4 Bingh. 218; Orange County Bank v. Brown 9 Wendell, 25,115; Hollister v. Newlan, 19 Wendell, 234; Cole v. Goodwin, 19 Wendell, 251; Story’s Comm, on Bailments, 362; Sewall v Mien, 6 Wendell, 349.

 See Shelden v Robinson, 7 N. Hamp. R. 157; Story’s Comm, on Bail ments, 325, 326.